

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2019 JAN 14 AM 8: 37

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 77375-5-I |
| | ) | (consolidated with No. 77376-3-I) |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RANCE M POINTEC AKA MEADOWS, | ) | |
| | ) | |
| Appellant. | ) | FILED: January 14, 2019 |

SCHINDLER, J. — In these consolidated appeals, Rance M. Pointec challenges the sentence imposed following his guilty plea to the King County charges of second degree assault and unlawful possession of a firearm. Pointec contends the superior court abused its discretion by ordering the concurrent standard-range sentence in the two King County cases to run consecutive to the recent sentence imposed for crimes in Pierce County. Pointec also contends and the State concedes the DNA[1] fees imposed by the sentencing court must be stricken under recent statutory amendments. We affirm the consecutive sentences but remand to strike the DNA fees.

FACTS

Rance M. Pointec's crimes as a teenager include drug offenses and a three-year prison term for attempted robbery. After his release from prison, Pointec married, had a

_____

[1] Deoxyribonucleic acid.

child, and started his own auto repair and maintenance business.

In October 2015, the Pierce County Prosecuting Attorney's Office charged Pointec with two counts of unlawful possession of a firearm and one count of promoting prostitution. The court released Pointec pending trial on the condition he not engage in unlawful conduct or "possess any weapons or firearms."

In August 2016, Pointec did not appear in Pierce County Superior Court on the 2015 charges. The court issued a bench warrant. On November 15, police in King County arrested Pointec on the Pierce County warrant and seized a firearm in his possession.

On January 9, 2017, the King County Prosecuting Attorney's Office charged Pointec with unlawful possession of a firearm. On January 26, the King County Prosecuting Attorney's Office charged Pointec under a different cause number with second degree assault with intent to commit second degree rape in August 2016.

In March 2017, a Pierce County jury convicted Pointec of the 2015 charges for unlawful possession of a firearm and promoting prostitution. The court imposed a 78-month sentence.

In July, Pointec pleaded guilty to the separate King County charges of unlawful possession of a firearm and second degree assault with intent to commit second degree rape as part of an indivisible plea agreement. Pointec agreed the certification for determination of probable cause and the "Prosecuting Attorney Case Summary" for each charge were "real and material facts" for purposes of sentencing. The certification of probable cause for the assault charge stated Pointec initially told investigating officers

that he had "video proof that will exonerate him from these charges" and that he would later "provide us with the evidence."

In September, the King County Superior Court entered a judgment and sentence in the two cause numbers and imposed a standard-range concurrent sentence of 84 months on the assault count, 87 months on the firearm count, and $100 DNA collection fees. The court expressly ordered the King County sentence to run consecutive to the Pierce County sentence. Pointec appeals.

## ANALYSIS

Under RCW 9.94A.589(3), there is a presumption that multiple sentences will run concurrently "unless the court pronouncing the current sentence expressly orders that they be served consecutively." Pointec contends the sentencing court abused its discretion in imposing consecutive sentences because one of the court's reasons—that Pointec failed to take responsibility for his offenses—is contrary to the record.

At sentencing, Pointec apologized to his family, community, and the court but not to his victims. Pointec spoke of his "conscious decision" to allow drugs and alcohol to take control of his life and his "poor judgment." Pointec told the court, "I do accept responsibility for my actions," but spent most of his time telling the court about his positive "accomplishments and contributions."

In its oral ruling, the court explained the reasons to order the King County sentence to run consecutive to the Pierce County sentence:

> I'm doing so . . . for a number of reasons. It's a completely . . . separate set of facts and a fairly distinct period of time. In addition, they were committed at a time when Mr. Pointec was subject to orders that he flagrantly violated. And I am struck by the fact that he had just been charged with an unlawful possession of a firearm and was on conditions related to an unlawful possession of a firearm and he violated that.

3

... [H]e has pled guilty to an assault. . . . I'm very troubled by the behavior that occurred during [the assault], having read the information . . . .

I have every reason to believe the victim and I do believe the victim and her account of what happened. . . . And I think the fact that Mr. Pointec has changed his version of events and not taken any responsibility for it . . . doesn't help him in terms of my sentence with him.[2]

The court did not abuse its discretion. First, Pointec's failure to take responsibility for his crimes was not a material factor in the court's decision. The court relied primarily on three material facts: (1) the King County and Pierce County offenses were separate and distinct, (2) the King County offenses violated the express condition of the Pierce County pretrial release order, and (3) the unlawful possession of a firearm in King County occurred despite Pointec's pending Pierce County charge for the same offense. The court also noted Pointec's changing story and failure to take responsibility for his actions "doesn't help" his request for concurrent sentences. The record shows these facts were tangential to the court's decision.

Second, Pointec does not dispute that his story about the assault changed over time. Third, we do not review the court's credibility determination that Pointec did not accept responsibility at sentencing. State v. Lindahl, 114 Wn. App. 1, 18-19, 56 P.3d 589 (2002) (we defer to the trial court on issues of defendant's credibility during the plea and sentencing hearings). We note, however, that Pointec did not apologize to the assault victim and spent most of his time talking about his accomplishments.

The court did not abuse its discretion in expressly ordering the King County sentence to run consecutively to the Pierce County sentence.

---

[2] Emphasis added.

In a supplemental assignment of error, Pointec contends the King County court erred in imposing the DNA fee in the two judgments and sentences. The State concedes that because Pointec's "DNA was previously collected prior to sentencing and is on file with the Washington State Patrol Crime Lab," the DNA fees must be stricken under RCW 43.43.7541[3] and State v. Ramirez, 191 Wn.2d 732, 746-50, 426 P.3d 714 (2018). We accept the concession of error.

We affirm the consecutive sentences but remand to strike the DNA fees.

WE CONCUR:

---

[3] RCW 43.43.7541 states, in pertinent part, "Every sentence imposed for a crime specified in RCW 43.43.754 must include a fee of one hundred dollars unless the state has previously collected the offender's DNA as a result of a prior conviction."